UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: _____

EUFRONIO CLAROS, an individual

      Plaintiffs,

-vs-

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

## VERIFIED COMPLAINT

The Plaintiff, Eufronio Claros, (hereinafter referred to as "Plaintiff") by and through undersigned counsel, hereby sue the Defendant, Wells Fargo Bank, N.A. (hereinafter referred to as "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff seeks both legal and equitable relief arising out of residential mortgage financing and subsequent mortgage foreclosure action as involving Plaintiff's residential property located in Palm Beach County, Florida (the "Property") with regard to the Dodd-Frank Wall Street and Consumer Protection Act of 2011, the Truth in Lending Act 15 U.S.C. §§1601, *et. seq.* and the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*

## JURISDICTION AND VENUE

2.    Jurisdiction is conferred on this Court by 15 U.S.C.A. §1640(e) and 28 U.S.C.A. §§ 1331, 1337, 1367.

3.      Venue is proper under 28 U.S.C. §1391(b)(2); and 28 U.S.C. §1391(c), as Plaintiffs' property and the property secured by the Note and Mortgage at issue is located at 598 Gazetta Way, West Palm Beach, Florida, 33413 (the "Property"), which is within this District. Further, Defendant conducted business within this District, and the acts and transactions that constitute the violations of law, occurred in this District.

## PARTIES

4.      Plaintiff is a United States citizen that resides in Palm Beach County, Florida.

5.      Defendant, Wells Fargo Bank, N.A., which is a corporation with its principal place of business in San Francisco, California.  Defendant regularly engages in the business of mortgage lending and/or servicing of mortgages and has done substantial business in the State of Florida. Upon information and belief, Defendant either acquired the loan at issue and/or the servicing rights as it relates to the loan at issue and is the current servicer of the loan.

## BACKGROUND OF LOAN TRANSACTION

6.      Plaintiff owns the Property located in Palm Beach County, Florida at 598 Gazetta Way, West Palm Beach, Florida, 33413, hereinafter referred to as the "Property".

7.      As part of the acquisition of the Property, Plaintiff obtained a purchase money loan from the original lender, Wachovia Bank, National Association, in the original principal balance of $442,703.09, hereinafter referred to as the "Loan".  Such loan transaction closed and the attendant promissory note, mortgage, and other loan documents were executed on March 24, 2006.

8.      The Loan is a federally related mortgage loan as defined by 12 C.F.R. §1024.2(b).

9.      Upon information and belief, Defendant, Wells Fargo Bank, N.A., makes more than five (5) loans involving a mortgage transaction per year.

10.     Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

11.     On or around January 30, 2015 the alleged owner and holder of the Loan, instituted a foreclosure action against Plaintiff as a result of an alleged default by Plaintiff as it relates to the Loan, hereinafter referred to as the "Foreclosure Litigation".  Such Foreclosure Litigation was filed in Fifteenth Judicial Circuit, Palm Beach County, containing Case No.:  2015CA001181.

12.     In or around February 17, 2015, Plaintiff submitted a complete "Loss Mitigation Application" with Defendant through the submission of all documents necessary and incidental to a loan modification submission and in direct conformance with Defendant's loan modification procedures in terms of the required documentation and other information appurtenant to the niceties of a loan modification and Defendant's and the mortgage servicing industry's customary loss mitigation procedures.

13.     Defendant accepted Plaintiff's Loss Mitigation Application by either acknowledging receipt and/or failing to timely indicate that Plaintiff's Loss Mitigation Application was not complete or unacceptable in any way.

14.     Defendant agreed to process Plaintiff's Loss Mitigation Application and purportedly continued to do so since the receipt of Plaintiff's Loss Mitigation Application.

15.     Defendant received Plaintiff's Loss Mitigation Application on or around February 17, 2015, but did not inform the Plaintiff or its duly authorized representative as to whether the Loss Mitigation Application was complete until February 26, 2015.

16.     Defendant did not inform Plaintiff that it had evaluated Plaintiff for all loss mitigation options within thirty (30) days of the Loss Mitigation Application.

17.     Through its own conduct and the conduct of its designated counsel Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X.

## COUNT I

**Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*, Federal Reserve Regulation X, and 12 C.F.R. § 1024.41(b)(2), *et seq.***

18.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 17, inclusive, as if fully set forth herein.

19.     Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

20.     Pursuant to 12 C.F.R. § 1024.41(b)(2) upon receipt of a loss mitigation application thirty seven (37) days or more before a foreclosure sale, the servicer must review the loss mitigation application and inform the borrower within five (5) days of receipt whether or not the application constitutes a complete loss mitigation application.

21.     Plaintiff's Loss Mitigation Application was submitted on February 17, 2015.

22.     Defendant did not inform Plaintiff whether or not Plaintiff's Loss Mitigation Application was complete within five (5) days of receipt in direct violation of 12 C.F.R. § 1024.41(b)(2).

WHEREFORE, Plaintiff prays for relief as set forth below together with such further relief as this court deems just:

      a.  Actual damages;
      b.  Statutory damages; and
      c.  Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT II

**Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*, Federal Reserve Regulation X, 12 C.F.R. § 1024.41(b)(2)(ii), *et seq.***

23.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 17, inclusive, as if fully set forth herein.

24.     Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

25.     Defendant was duty bound to exhaust such loss mitigation procedures with Plaintiff prior to the continued prosecution and completion of the Foreclosure Litigation.

26.     Pursuant to 12 C.F.R. § 1024.41(b)(2), upon receipt of a Loss Mitigation Application Defendant was obligated to review the Loss Mitigation Application and inform the Plaintiff within five (5) days of receipt whether or not the loss the Loss Mitigation Application is complete. Defendant failed to do so.

27.     Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B) and 12 C.F.R. § 1024.41(b)(2)(ii), to the extent Defendant deemed the Loss Mitigation Application incomplete Defendant was obligated to state and identify the additional documents and information the Plaintiff needed to submit to make the Loss Mitigation Application complete and to provide a reasonable date by which the Plaintiff must submit the documentation. Defendant failed to do so.

WHEREFORE, Plaintiff prays for relief as set forth below together with such further relief as this court deems just:

a.     Actual damages;
b.     Statutory damages; and
c.     Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT III

**Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*, Federal Reserve Regulation X, and 12 C.F.R. § 1024.41(c), *et seq.***

28.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 16, inclusive, as if fully set forth herein.

29.     Defendant is a servicer within the meaning of the *Real Estate Settlement Procedures Act* ("RESPA") as implemented by Regulation X.

30.     Pursuant to 12 C.F.R. § 1024.41(b)(2), upon receipt of a Loss Mitigation Application Defendant was obligated to review the Loss Mitigation Application and inform the Plaintiffs within five (5) days of receipt whether or not the loss the Loss Mitigation Application is complete.  Defendant failed to do so.

31.     Pursuant to 12 C.F.R. § 1024.41(c), upon receipt of a Loss Mitigation Application Defendant was obligated to evaluate the Plaintiffs for all loss mitigation options within thirty (30) days of receipt the Loss Mitigation Application. Defendant failed to do so.

32.     Pursuant to 12 C.F.R. § 1024.41(c), upon receipt of a Loss Mitigation Application Defendant was obligated to evaluate the Plaintiffs for all loss mitigation options within thirty (30) days of receipt the Loss Mitigation Application and inform the Plaintiffs in writing, stating the Defendants determination of which loss mitigation options, if any, it will offer to Plaintiffs. Defendant failed to do so.

33.     Through its own conduct and the conduct of its designated counsel Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X.

WHEREFORE, Plaintiff prays for relief as set forth below together with such further relief as this court deems just:

    a.    Actual damages;
    b.    Statutory damages; and
    c.    Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT IV

**Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*, Federal Reserve Regulation X, and 12 C.F.R. § 1024.41(d), *et seq.***

34.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 16, inclusive, as if fully set forth herein.

35.    Pursuant to 12 C.F.R. § 1024.41(d) if a servicer denies a borrower's application, the notice must set forth the reasons for the denial.

36.    Plaintiff's Loss Mitigation Application was denied on or around April 10, 2015.

37.    The notice of denial does not sufficiently set forth the reasons why Plaintiff's Loss Mitigation Application was denied in direct violation of 12 C.F.R. § 1024.41(d).

WHEREFORE, Plaintiff prays for relief as set forth below together with such further relief as this court deems just:

    a.    Actual damages;
    b.    Statutory damages; and
    c.    Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT V

**Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. §§ 2602, *et. seq.*, Federal Reserve Regulation X, and 12 C.F.R. § 1024.41(h), *et seq.***

38.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 16, inclusive, as if fully set forth herein.

39.     Pursuant to 12 C.F.R. § 1024.41(h) servicer must provide borrowers with the right to appeal most loss mitigation denials. Further, pursuant to 12 C.F.R. § 1024.41(h)(3), the appellate review must be conducted by personnel different than those responsible for evaluating the borrower's complete loss mitigation application.

40.     Plaintiff's Loss Mitigation Application was denied on or around April 10, 2015.

41.     Neither Defendant nor any other party provided Plaintiff with the right to appeal the denial of Plaintiff's Loss Mitigation Application in direct violation of 12 C.F.R. § 1024.41(h).

42.     Alternatively, to the extent the right to appeal the denial of Plaintiff's Loss Mitigation Application was afforded by Defendant, upon information and belief the appellate review of Plaintiff's Loss Mitigation Application was conducted by the same personnel than those responsible for evaluating the Plaintiff's complete Loss Mitigation Application.

WHEREFORE, Plaintiff prays for relief as set forth below together with such further relief as this court deems just:

        a.   Actual damages;
        b.   Statutory damages; and
        c.   Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts.

DATED this 7th day of May, 2015.

Scott J. Wortman, Esq.
FBN: 0454222
KORTE & WORTMAN, P.A.
Attorneys for Plaintiff
2041 Vista Parkway
West Palm Beach, Florida 33411
Phone: (561) 228-6200
Fax:    (561) 245-9075
E-mail: swortman@kwlawfirm.com

9

## VERIFICATION OF COMPLAINT

**STATE OF FLORIDA**

**COUNTY OF** Palm Beach

BEFORE ME, the undersigned authority, personally appeared Eufronia Claros

who was sworn before me and states that he has read the foregoing Verified

Complaint and that the facts set forth therein are true and correct.

_____

SWORN TO AND SUBSCRIBED before me this 6th day of May,
201 5.

_____
Notary Public
State of Florida

Print Name: Ester L. Carrera Coelho
My Commission Expires: Jan 2, 2017

(_____) Personally known; or
( X ) Produced FL ID C462-200-67-283-0
    as identification.

ESTER L. CARRERA COELHO
Notary Public - State of Florida
My Comm. Expires Jan 2, 2017
Commission # EE 862091

11